**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>DOUGLAS R. MILLER<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7770<br>MDD_DRMChambers@mdd.uscourts.gov |

September 18, 2025

LETTER TO ALL COUNSEL OF RECORD

Re: *Vicki A. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
    Civil No. 20-1134-DRM

Dear Counsel:

On May 4, 2020 Plaintiff Vicki A. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. The case was then referred to then Magistrate Judge Deborah Boardman with the parties' consent, and later transferred to Magistrate Judge Austin before ultimately being transferred to the undersigned. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). On March 22, 2021, Defendant filed a consent motion to remand the matter for further administrative proceedings which was granted, remanding the case to the Commissioner and closing the civil action. On August 12, 2024, Defendant filed a consent motion to reopen the case under sentence six of 42 U.S.C. § 405(g). The Court granted that motion on August 13, 2024, thereby reopening the case. ECF 19 & 23. I have considered the record in this case, ECF 24, and the parties' briefs ECFs 27, 31 and 32. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on December 29, 2011, alleging a disability onset of November 1, 2009. Tr. 317-328; 346. Plaintiff's claims were denied initially and on reconsideration. Tr. 196-199; 202-203. On June 10, 2014, an Administrative Law Judge ("ALJ") held a hearing. Tr. 73-104. Following the hearing, on July 15, 2014, the ALJ

---

[1] Plaintiff filed this case against Andrew Saul, the Commissioner of Social Security on May 4, 2020. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

*Vicki A. v. Bisignano*
Civil No. 20-1134-DRM
September 18, 2025
Page 2

determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 73-104. The Appeals Council granted Plaintiff's request for review, vacated the hearing decision, and remanded the case to an ALJ for a new hearing. Tr. 105-107. Subsequently, on December 9, 2015, the ALJ again held a hearing on Plaintiff's case via video hearing. On May 16, 2016, the ALJ rendered her decision denying Plaintiff's claims for SSI. Tr. 108-142. Plaintiff again requested review of the ALJ's decision, but this request was denied by the Appeals Council in a letter dated March 4, 2020. All administrative remedies being exhausted, Plaintiff filed an action for judicial review on May 4, 2020. Tr. 182-186. *See also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); 20 C.F.R. § 422.210(a).

On May 26, 2021, this Court remanded this case to the Commissioner for further proceedings. Tr. 187-189. Accordingly, the Appeals Council vacated the final decision of the Commissioner and remanded the case to an ALJ for a new hearing. Tr. 191-195. Subsequently, on March 27, 2024, the case was heard via telephonic hearing before an ALJ. Tr. 1-28. On June 3, 2024, the ALJ rendered his decision denying Plaintiff's claims for SSI. 1-28. Because the case had been remanded under sentence six of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), this Court retained jurisdiction of Plaintiff's case. The parties then entered a consent motion to reopen this matter which the Court granted on August 13, 2024. ECF 22.

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity from December 29, 2011, to June 2, 2020." Tr. 7. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "asthma; degenerative disc disease of the lumbar spine, status post fusion; diabetes mellitus; obesity; anxiety; and major depressive disorder[.]" Tr. 7. The ALJ also determined that Plaintiff suffered from the non-severe impairments of Hepatitis C, allergic rhinitis, obstructive sleep apnea, and vitamin D deficiency. Tr. 7. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 7-11. Despite these impairments, the ALJ determined that Plaintiff retained the

---

[2] 42 U.S.C. §§ 301 et seq.

residual functional capacity ("RFC") to perform:

> sedentary work as defined in 20 CFR 416.967(a) except affords a sit/stand option with an opportunity to alternate between silting and standing for up to 2 minutes every 30 minutes throughout an 8 hour work day without going off task; requires no foot control operation bilaterally; requires no kneeling, crouching, crawling, or climbing of ladders, ropes or scaffolds; requires no more than occasional climbing ramps and stairs, balancing, and stooping; requires no more than occasional pushing and pulling bilaterally; requires no more than frequent reaching bilaterally except no overhead reaching bilaterally; requires no more than frequent handling, feeling, and fingering bilaterally; accommodates the use of a handheld assistive device for ambulating only and the contralateral upper extremity can be used to lift and carry up to exertional levels; avoids concentrated exposure to excessive noise; avoids all exposure to extreme heat or cold, wetness and humidity, excessive vibration, respiratory irritants (such as fumes, odors, dust, poorly ventilated areas), chemicals; and all exposure to unprotected heights, hazardous machinery, and commercial driving; involves only simple, routine, and repetitive tasks requiring only simple decisions, no fast paced production requirements, and few work place changes; and involves no more than occasional interaction with the public, coworkers, and supervisors.

Tr. 11-12. The ALJ determined that Plaintiff has no past relevant work. However, the ALJ further concluded that Plaintiff was able to perform work as a Sorter (DOT[3] # 521.687-086) and Ink Printer (DOT # 652.685-038). Tr. 21. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 21.

### III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

Plaintiff argues that the ALJ's RFC determination and step-five determinations were unsupported by substantial evidence. ECF 27 at 5. Specifically, Plaintiff argues that the ALJ erred by failing to define a limitation he posed to a vocational expert and subsequently including that same undefined limitation in Plaintiff's RFC determination. *Id.* at 9; *see also* Tr. 12. Defendant counters that the ALJ properly found that Plaintiff was not disabled under the Social Security Act and that surrounding context, terminology, and discussion of Plaintiff's "limited mental health treatment" allow for proper review here. ECF 31 at 1, 6-12.

The Court concurs with Plaintiff's argument that the ALJ relied on an imprecise term used both in the hypothetical posed to the vocational expert and in assessing Plaintiff's RFC, which prevents meaningful appellate review. The Fourth Circuit has explicitly held that an ALJ may not include a limitation in a hypothetical unless that limitation is defined by common usage, agency regulation, or the DOT. *See Amy F. v. Bisignano,* No. DRM-24-2192, 2025 WL 2062616, at *3 (D. Md. July 22, 2025) *(citing Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019). *Nora P. v. Comm'r., Soc. Sec. Admin*., Civil No. SAG-18-1604, 2019 U.S. Dist. LEXIS 68383 (D. Md. April 23, 2019)). Specifically, in *Thomas*, the Fourth Circuit held that an ALJ's use of the phrase "[work] requiring of a production rate or demand pace" was fatal to the RFC determination at issue, as the terms "production rate" and "demand pace" were "not common enough for us to know what they mean without elaboration," the ALJ had failed to define the terms, and the resulting lack of clarity frustrated appellate review. *Thomas*, 916 F.3d. at 312. Similarly, in *Nora P.*, Judge Gallagher found that remand was warranted where the ALJ used the term "no fast pace, or strict production requirements" in a hypothetical to a vocational expert and in the RFC assessment. *See Amy F.,* 2025 WL 2062616, at *3 (citing *Nora P.*, 2019 U.S. Dist. LEXIS 68383, at *4).

In this case, Plaintiff is correct that the ALJ erred by including the undefined limitation of "no fast-paced production" both in the hypothetical presented to the vocational expert and in the RFC finding. Tr. 40, 442. This phrase, like those criticized in *Thomas* and *Nora P.*, is neither a commonly understood term nor one defined in the DOT. As in those decisions, the ALJ failed to supply any definition for the phrase. Defendant argues the phrase is self-explanatory and thus differs from the language criticized by the Fourth Circuit in *Thomas*. The Court has noted that "[d]ifferent individuals can have different conceptions of what work is or is not 'fast.'" *Nora P.,* 2019 U.S. Dist. LEXIS 68383, at *5 (quoting *Crocetti v. Comm'r. Soc. Sec.*, No. SAG-17-1122, 2018 U.S. Dist. LEXIS 95697 (D. Md. June 6, 2018)). Thus, the limitation of "no fast-paced production" is far from self-explanatory in this context.

Defendant counters that the ALJ's use of the terminology "no fast paced production requirements" has sufficient surrounding details and context to conclude that the residual functional capacity and corresponding hypothetical accounted for Plaintiff's limitations. ECF 31 at 6. Defendant also argues that the relevant caselaw "does not point in as clear of a direction as

suggested by Plaintiff." *Id.* at 8. Specifically, Defendant analogizes this case to those where courts outside of this district have found "sufficient additional context" in an ALJ's opinion to remove ambiguity from a hypothetical limitation. *See, e.g., Ricky F. v. O'Malley*, No. 1:23CV720, 2024 WL 4333136, *5 (M.D.N.C. Sept. 27, 2024).

However, as Judge Boardman explained when addressing a similar argument in *Steven S. v. Comm'r., Soc. Sec. Admin.*, No. DLB-19-1055, 2020 WL 1929628 (D. Md. April 21, 2020):

> Pursuant to the Fourth Circuit's decision in *Thomas*, 916 F.3d at 312, this Court cannot determine whether the ALJ's findings were supported by substantial evidence without an explanation of the terms "production pace work." If the relevant RFC terms are "not common enough for [the court] to know what they mean without elaboration," *id.*, the Court is unable to decide whether the error in failing to explain the terms was harmless. The Court cannot decisively say that, had the ALJ defined or explained the term "production pace work," the VE would have identified the same, or any, positions that the hypothetical person could perform.

*Steven S.,* 2020 WL 1929628 at *3 (citing *Patterson v. Comm'r, Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017) ("Where an insufficient record precludes a determination that substantial evidence supported the ALJ's denial of benefits, this court may not affirm for harmless error.")); *Taishika C. v. Saul*, No. DLB-19-1994, 2020 WL 2994487, at *4 (D. Md. June 4, 2020) (unable to find harmless error where ALJ did not define or explain terms "fast pace or strict production requirements" in hypothetical and RFC.)

Accordingly, this matter will be remanded so that the ALJ can provide clarification regarding both the RFC assessment and the hypothetical posed to the vocational expert. Because remand is warranted on this basis, the Court does not reach the remaining issues raised in Plaintiff's briefing. The ALJ, however, may address those arguments on remand and revise the decision as appropriate. In remanding, the Court takes no position on the ultimate determination of Plaintiff's entitlement to benefits.

### V.    CONCLUSION

For the reasons set forth herein, and pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case. Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

*Vicki A. v. Bisignano*
Civil No. 20-1134-DRM
September 18, 2025
Page 6

                                              Sincerely,

                                                     /s/

                                            Douglas R. Miller
                                            United States Magistrate Judge